UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

           **Plaintiff,**         Case No. 1:19-CR-0025

v.                                  Hon. Gordon J. Quist
                                       U.S. District Court Judge

**MUSE A. MUSE**
**MOHAMED S. HAJI**
**MOHAMUD A. MUSE,**

           **Defendants.**

___

### MOTION TO DETERMINE COUNSEL
### MEMORANDUM OF LAW IN SUPPORT OF MOTION

NOW COME counsel for the defendants who jointly move this Court to order a hearing to determine counsel and in support of this Motion say as follows:

The defendants were charged on January 21, 2019, by way of a Criminal Complaint with Conspiring to Provide Material Support or Resources to a Designated Foreign Terrorist Organization contrary to 18 USCA 2339B. PageID.1 At their First Appearance the defendants requested court-appointed counsel.  The magistrate judge deemed the defendants qualified for appointed counsel and the undersigned were appointed to represent the defendants. The Government moved for the detention of the defendants.

The Detention Hearing began on January 25, 2019 at 2:00 p.m. PageID.24 The Government called FBI Special Agent Dunham as its witness. The detention hearing was adjourned at 5:00 p.m. and scheduled to reconvene on January 28, 2019. PageID.40 Due to inclement weather the defendants filed a Motion to Adjourn the Continued Detention Hearing.

1

PageID.41 The Court granted the motion and re-scheduled the continued Detention Hearing to Thursday, January 31, 2019. PageID.44 In the meantime, on January 29, 2019, the Grand Jury returned an Indictment against the defendants charging all three defendants with Conspiring to Provide Material Support or Resources to a Designated Foreign Terrorist Organization contrary to 18 USCA 2339B(a)(1) in Count 1and in Count 2 with Attempting to Provide Material Support to a Designated Foreign Terrorist Organization contrary to 18 USCA 2339(B)(a)(1). Defendant Muse A. Muse alone was charged in Count 3 with False Statement in a Passport Application contrary to 18 USCA 1542.

  The defendants were arraigned on the Indictment and the Initial Pretrial Conference was conducted prior to continuation of the detention hearing. PageID.60 The detention hearing continued with the testimony of Agent Dunham.  The Government introduced 16 Exhibits into testimony, Page ID.60 After the completion of Agent Dunham's testimony and hearing arguments of counsel the Court issued its Order of Detention Pending Trial. PageID.66

  On Monday, February 4, 2019 counsel for the defendants learned via email that Attorney James K. Champion had been retained.  Mr. Champion had met with all three of the defendants, presumably separately, at the Newaygo County Jail on Saturday, February 2, 2019. The defendants all signed a Consent Order Granting Substitution of Attorney. See attached Exhibit 1 Mr. Champion emailed the Consent Orders to counsel on February 4, 2019 and asked counsel to sign the Proposed Consent to Substitute Attorney Orders and return them to him.

  Defense counsel discussed the proposed consent to substitute attorneys.  Defense counsel independently and collectively came to the same conclusion:  as officers of the court and based on their knowledge of the case, counsel were unable to sign the proposed orders.  Between about February 5, and February 7, 2019, each defense attorney independently advised Attorney

Champion of the decision not to sign the proposed Order. Each counsel also discussed this matter with their respective client.

Counsel knew that the next step in the process would entail Mr. Champion filing a Motion to Substitute as Attorney for all three of the defendants. While waiting for Mr. Champion's motion, counsel are ethically obliged to continue working on the case. This work has consisted of downloading and reviewing the initial discovery material, conducting legal research, meeting with the clients, and more. Now, after more than two weeks, Mr. Champion still has not filed a Motion to Substitute Attorneys.

Counsel remain the attorneys of record. The inaction by Mr. Champion for nearly two weeks has prompted the filing of the instant Motion to Determine Counsel and Request for Hearing on Motion.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

In the normal course of proceedings counsel would have signed the proposed Consent Orders without a second thought. However, this matter is far from usual for a number of reasons. The charges in this matter are thought to be unique in this District: counsel do not remember any other defendants having been charged with such offenses in this District. Additionally, the scope and breadth of the alleged conspiracy is vast and long-running. The request to represent all three defendants by one attorney is troubling, let alone fraught with potential issues including non-waivable conflict of interest issues.

Initially, counsel all recognize that, generally speaking, a defendant has the absolute right to counsel of his own choice. The Sixth Amendment guarantees the right of a criminal defendant to "have the Assistance of Counsel for [her] defense." U.S. Const. amend. VI. This guarantee includes "the right to have an attorney of one's own choosing." *United States v. Laureano-Perez*,

797 F.3d 45, 55 (1st Cir. 2015) (quoting *United States v. Lanoue*, 137 F.3d 656, 663 (1st Cir. 1998) ). Thus, although a defendant has the "right to conflict-free counsel," *United States v. Ponzo*, 853 F.3d 558, 574 (1st Cir. 2017), she may waive that right and continue the case with conflicted counsel, *Yeboah-Sefah v. Ficco*, 556 F.3d 53, 68 (1st Cir. 2009).

A defendant's right to an attorney of her choice, however, is not "absolute." *Laureano-Perez,* 797 F.3d at 55. Because the purpose of the Sixth Amendment is to "ensure that criminal defendants receive a fair trial," the right to counsel aims "to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom [she] prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). Relatedly, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Id. at 160, 108 S.Ct. 1692. Accordingly, "where a court justifiably finds an actual conflict of interest," as defined by the applicable ethical rules, "there can be no doubt that it may decline a proffer of waiver." Id. at 162, 108 S.Ct. 1692. A district court has "broad latitude" to determine when disqualification is required*. United States v. Alfonzo-Reyes,* 592 F.3d 280, 294 (1st Cir. 2010).

The detention hearing in this matter, along with the Arraignment, Initial Pretrial Conference, etc., lasted nearly 6 hours.  The Government introduced 16 Exhibits into evidence.  One of the exhibits was an inculpatory post-Miranda handwritten statement by defendant Muse Muse.  It was also learned during the detention hearing that defendant Mohamed Haji had consented to an approximate 4-hour interview. (The interview is currently being transcribed by the Government and was not available at the detention hearing.) Agent Dunham also testified

that the defendants are related:  Muse Muse and Mohamud Muse are brothers, Mohamed Haji is their brother-in-law.

It was also learned during the detention hearing that the alleged conspiracy took place over a number of years and involved thousands of texts between the defendants and others via Facebook or WhatsApp. The Government also advised there are recorded phone calls between the defendants and others not only in the United States but abroad allegedly in furtherance of the conspiracy. The testimony during the detention hearing revealed many potential, as well as actual, conflicts between the defendants which could cause problems in representing an individual defense for each defendant. Whether such conflicts are waivable is a matter for the Court to determine.

Attorney Champion is attempting to represent all three defendants. When representing more than one client in a single matter it is standard practice to obtain a written waiver of conflict. Although waivers may be in Mr. Champion's possession, no written waiver of conflicts have been received by counsel from Mr. Champion.

"[T]he Sixth Amendment secures the right to the assistance of counsel, by appointment if necessary, in a trial for any serious crime." *Wheat v. United States,* 486 U.S. 153, 158, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Although this right to counsel includes the right to counsel of one's choosing, it does not necessarily include the right to choose counsel who may be operating under a conflict of interest. *Id.* at 159–60, 108 S.Ct. 1692; *see also Hoffman v. Leeke,* 903 F.2d 280, 285 (4th Cir.1990).

Accordingly, although a court may allow waiver of the right to conflict-free counsel, not all such conflicts may be waived by a defendant because "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the

profession and that legal proceedings appear fair to all who observe them." *Wheat,* 486 U.S. at 160, 108 S.Ct. 1692. Instead, the presumption in favor of a counsel of one's choice may be overcome by a showing of an actual conflict of interest or the serious potential for a conflict of interest. *United States v. Basham,* 561 F.3d 302, 323 (4th Cir.2009).

Further, a court has a duty to anticipate problems with representation and to promptly act to remedy an actual or potential conflict. *Id.* Once a conflict or potential conflict is identified, the court is obligated, and has discretion, to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should therefore be disqualified. *Wheat,* 486 U.S. at 161–64, 108 S.Ct. 1692; *United States v. Williams,* 81 F.3d 1321, 1324–25 (4th Cir.1996). For this purpose, the court has "sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal either on right-to-counsel grounds if it disqualifies the defendant's chosen lawyer, or on ineffective-assistance grounds if it permits conflict-infected representation of the defendant." *Williams,* 81 F.3d at 1324. (*citing Wheat*, 486 U.S. at 161–64, 108 S.Ct. 1692).

Counsel believe actual conflicts of interest are present in this case.  Counsel also recognize that whether the conflicts can be waived is a matter for the court to decide after an evidentiary hearing.  Finally, counsel recognize the Court's discretion whether to conduct such a hearing.

Based on the above, counsel are unable to sign the proposed Order of Consent to Substitute Counsel and request the court set the matter for a hearing to determine if Attorney Champion is able to represent any or all the defendants in this matter. Counsel has consulted with AUSA Clay West who states that United States Attorney's Office takes no position to the filing of the motion or the request for a hearing to determine the merits of the motion.

RELIEF REQUESTED

Counsel respectfully requests this Court grant this Motion to Determine Counsel and set the matter for a hearing to resolve the issues noted above.

Dated:  February 15, 2019

>  */s/Richard E. Zambon P31927*
>  Attorney for Defendant Mohamud Muse
>  Richard E. Zambon, PLLC
>  202 Waters Bldg.
>  161 Ottawa Ave., NW
>  Grand Rapids, MI 49503
>  (616) 456-7831
>  rick@zambonlaw.com
>
>  */s/Mary Chartier P65327*
>  Attorney for Defendant Mohamed Haji
>  Chartier & Nyamfukudza PLC
>  1905 Abbot Rd., Ste 1
>  E. Lansing, MI 48823
>  (517) 885-3305
>  mary@cndefenders.com
>
>  */s/Sharon TurekP44737*
>  Attorney for Defendant Muse Muse
>  Federal Public Defender WDMI
>  50 Louis St. NW Ste 300
>  Grand Rapids, MI 49503
>  (616)742-7420
>  sharon_turek@fd.org