UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**                  Case No. 1:19-CR-0025

v.                                                     Hon. Gordon J. Quist
                                                         U.S. District Court Judge

**MUSE A. MUSE**
**MOHAMED S. HAJI**
**MOHAMUD A. MUSE,**
                    **Defendants.**

_____

**ANSWER TO COURT'S DIRECTIVE
BY COUNSEL FOR DEFENDANT MOHAMUD A. MUSE**

    NOW COMES Richard E. Zambon, attorney for Defendant Mohamud A. Muse, and for his answer to the Court's directive says as follows:

**CHRONOLOGY OF EVENTS & BACKGROUND**

    The defendants were initially charged in a Criminal Complaint filed on January 21, 2019, with Conspiring to Provide Material Support or Resources to a Designated Foreign Terrorist Organization contrary to 18 USCA 2339B. PageID.1 Upon the defendants' request all three were appointed counsel.  The Government moved for detention and the detention hearing began on January 25, 2019.  After approximately three hours of testimony the detention hearing was adjourned and eventually rescheduled for January 31, 2019.

    However, on January 29, 2019 the Grand Jury returned an Indictment against the defendants charging all three defendants with Conspiring to Provide Material Support or Resources to a Designated Foreign Terrorist Organization contrary to 18 USCA 2339B(a)(1) in

1

Count 1and in Count 2 with Attempting to Provide Material Support to a Designated Foreign Terrorist Organization contrary to 18 USCA 2339(B)(a)(1). Defendant Muse A. Muse alone was charged in Count 3 with False Statement in a Passport Application contrary to 18 USCA 1542.

On January 31, 2019 the defendants were arraigned on the Indictment.  The Initial Pretrial Conference was held and the Detention Hearing continued.  Over the two days of the detention hearing the Government introduced 16 Exhibits into testimony. Page ID.60 After the completion of testimony and hearing arguments of counsel the Court issued its Order of Detention Pending Trial. PageID.66

On February 2, 2019 Attorney James K. Champion met with the defendants in the Newaygo County Jail and obtained their signatures on a Consent Order for Substitution of Attorneys.  On February 4, 2019 Mr. Champion emailed counsel for defendants and asked counsel to sign the proposed Order. Mr. Champion did not indicate that he had advised the defendants of any potential conflicts or obtained waivers of conflicts of interest.

Thereafter, counsel met with their clients and discussed the matter. Counsel later discussed the situation among themselves.

After these discussions and after conducting legal research counsel felt that, as officers of the court, they could not agree to sign the proposed Consent Order.  Each counsel advised Mr. Champion via email of his/her decision.  Appointed counsel rightfully believed the next matter would be for Mr. Champion to file his Appearance on behalf of all three defendants together with a Motion to Determine Counsel. Instead, Mr. Champion did not file his Appearance or any pleading indicating that he had been retained.

On February 15, 2019 counsel for the defendants filed a Joint Motion to Determine Counsel. PageID.72 The Court ordered that a hearing be held on the motion. PageID.83 The

hearing took place on February 28, 2019. Neither the Government nor Mr. Champion filed any pleadings prior to the motion. Present were counsel for the defendants, the Government and Attorney James K. Champion. Minutes of Motion Hearing PageID.103.

After hearing the motion the Court adjourned proceedings and issued its Order Setting Forth Directives From Motion Hearing. PageID.104 Among other things the Court ordered the "defense counsel of record and Mr. Champion to file their respective positions regarding representation on or before March 7, 2019." The Court also directed Mr. Champion to file his Appearance.

### POSITION OF COUNSEL FOR MOHUMAD A. MUSE

### I

**The Government should be ordered to state its position
As to whether it believes an actual conflict of interest exists
In the proposed joint representation, identify what that
Actual conflict is and opine as to whether the conflict is waiveable**

Had Mr. Champion filed the appropriate pleading it would have generated a response from the Government stating the Government's position as to the joint representation of the defendants. Instead, Mr. Champion's inaction let the matter fester which led to confusion among the defendants as to who represented them.

As Officers of the Court appointed counsel believed they had a duty to immediately advise the Court of the potential problem regarding choice of counsel. Once notified of a potential issue the Court can anticipate problems with representation and promptly act to remedy an actual or potential conflict. Once a conflict or potential conflict is identified, the Court is obligated, and has discretion, to independently determine whether the continued representation

by counsel impedes the integrity of the proceedings and whether the attorney should therefore be disqualified.

Filing the Joint Motion to Determine Counsel fulfilled appointed counsels' obligation to put the Court on notice of the potential conflict of interest issue.  The Court correctly ordered a hearing, listened to the position of all of the attorneys, and has now ordered each appointed counsel and Mr. Champion to file his or her respective position.

It is undersigned counsel's position that the Government is in the best position to know if any actual conflicts of interest are present in Mr. Champion's proposed joint representation of all three defendants.  Counsel believes the Court should expand its Order Setting Forth Directives From Motion Hearing, PageID.104, and order the Government to state its position regarding the proposed joint representation.  This would aid the Court in its decision whether to grant the proposed substitution of attorneys.

During the Motion Hearing on February 28, 2019, Mr. Champion stated he believed the Government did not object to his proposed joint representation because it had not filed any objection or responsive pleading to the motion.  It appears Mr. Champion was referring to the Compliance Certificate which accompanied the Motion, PageID.82, or to PageID.77 of the Motion which state that "Counsel has consulted with AUSA Clay West who states that the United States Attorney's Office takes no position *to the filing of the motion or the request for a hearing* to determine the merits of the motion".

It is disingenuous to say that the Government "taking no position to the filing of the Motion to Determine Counsel" is tantamount to a tacit agreement that Mr. Champion can represent all three defendants in this case.  However, the point is well made that the Government

4

has an interest in the fair and orderly conduct of the trial yet has not taken a position on this issue.

The Government is in the best position to know whether it believes an actual conflict of interest exists in the proposed joint representation of all three defendants.  The Government should be ordered to identify any *actual* conflicts of interest and further opine whether such conflict can be waived.

It is common practice for the Government to file Motions to Disqualify Counsel where it perceives a joint-representation conflict:

> "This matter is before the Court *on the government's motion to disqualify Charles F. Daum as counsel for defendant* Cecilio A. Carlyle. The government argues that Mr. Daum has actual and potential conflicts of interest caused by his simultaneous representation of Mr. Carlyle in this case and another client in a separate criminal case in federal court in West Virginia. *United States v Carlyle*, 964 F Supp 8, 9 (DDC, 1997)
>
> *The government made a pre-trial motion seeking the disqualification* of either Mr. Jerry Feldman or Mr. Lawrence Dubin, defense counsel for Mr. Claude Helton and Mr. Richard Helton, respectively, who are members of the same firm;[1] the government argued that the joint representation by the Feldman-Dubin firm of co-defendants in this case is impermissible because of potential conflicts of interest. *United States v Helton*, 471 F Supp 397, 399 (SDNY, 1979). (emphasis added)

The Government in this case is certainly familiar with this procedure as it has filed such Motions in the past, in fact in this very Court.  The Court is directed to the case of the *United States of America vs Kevin Romando Johnson and Sara Johnson,* No. 1:11-cr-306.  In that case the Government filed not one but two Motions to Disqualify Counsel: "Motion for Inquiry Into Joint Representation", 1:11-cr-306 PageID.32, and "Motion for Inquiry Into Conflict of Interest and Request to Seal", 1:11-cr-306 PageID.53.

If the Government is aware of any conflicts at this time it should so advise the court and allow the Court to promptly act to remedy an actual or potential conflict. *United States v. Basham,* 561 F.3d 302, 323 (4th Cir.2009). Once a conflict or potential conflict is identified, the

court has discretion to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should therefore be disqualified. *Wheat vs United States,* 486 U.S. at 161–64, 108 S.Ct. 1692; *United States v. Williams,* 81 F.3d 1321, 1324–25 (4th Cir.1996).

The Government's position should be made known, it should not be allowed to remain silent.

## II

### Counsel for Mohamud A. Muse believes there Are potential conflicts of interest in the proposed Joint representation of all three Defendants

Counsel was present for the Detention Hearing and has begun to review the initial discovery provided by the Government. Based on what counsel has learned so far, and without violating any attorney/client confidences, counsel believes there exists potential conflicts of interest in the proposed joint representation. Mr. Champion was not present during the Detention Hearing(s) and a transcript of those hearings has not been ordered. Although Mr. Champion may have had discussions with the Government concerning the case, Mr. Champion had not spoken to any appointed counsel prior to meeting with the defendants.

Pursuant to the Court's Order that counsel file their respective positions regarding representation, PageID.104, counsel advises the Court of the following reasons why there appears to be a potential conflict of interest in the proposed joint representation of all three defendants:

1. One defendant is alleged to have consented to an approximately 4-hour long post-arrest and post-Miranda interview with the FBI which raises the specter of a potential "Bruton" issue. *Bruton vs United States*, 389 U.S. 818, 88 S.Ct. 126, 19 L.Ed.2d 70 (1967).[1]

2. One defendant is alleged to have adopted a hand-written incriminatory statement.

3. Review of the *initial* discovery provided by the Government indicates the alleged conspiracy took place over a number of years.  The Government has provided counsel with thousands and thousands of texts and emails between the defendants which counsel believes the Government will use in an attempt to prove the conspiracy existed.

4. The Indictment alleges the defendants *Conspired* in Count 1 and *Attempted* in Count 2 to provide material support to a designated foreign terrorist organization including personnel. The "personnel" the defendants are alleged to have conspired and attempted to provide was one of the defendants which alone raises conflict issues in regards cross-examination, nullification and culpability.

### III

### Counsel has complied with the Court's Directive
### To confer with Mr. Champion

In its Order Setting Forth Directives From Motion Hearing, PageID.104, the Court ordered "Within seven (7) days, defense counsel of record and Mr. Champion shall confer to discuss representation of defendants".  Counsel asserts that he has complied with the Court's directive.  Counsel has sent numerous texts and emails to Mr. Champion setting forth his opinion that a conflict exists and the basis for that conflict.  Additionally, the Joint Motion to Determine

---

[1] Counsel has been advised that technical problems exist which prevent the interview from being transcribed at this time.

Counsel, PageID.72, sets forth Counsel's position and rationale as to why a conflict exists. Additionally, this pleading again sets forth the reason counsel believes a conflict exists.

All counsel have made numerous offers to allow Mr. Champion the opportunity to view the discovery material in our possession as well as Rule 16 material.  As Mr. Champion was not present for the Discovery Hearing, we have offered Mr. Champion the chance to view the Exhibit Book from the Discovery Hearing. All counsel have made several offers to meet with Mr. Champion, allow him to inspect our files and review for himself why we believe that a conflict of interest exists.

Based on the above, counsel believes he has complied with the Court's directive to confer with Mr. Champion.

## CONCLUSION

Undersigned counsel for Defendant Mohamud A. Muse understands a defendant generally has the right to counsel of his own choice. *United States v. Laureano-Perez*, 797 F.3d 45, 55 (1st Cir. 2015) (quoting *United States v. Lanoue*, 137 F.3d 656, 663 (1st Cir. 1998) and that a defendant has the "right to conflict-free counsel," *United States v. Ponzo*, 853 F.3d 558, 574 (1st Cir. 2017). However, that right can be waived and the defendant can continue the case with conflicted counsel, *Yeboah-Sefah v. Ficco*, 556 F.3d 53, 68 (1st Cir. 2009). Further, a district court has "broad latitude" to determine when disqualification is required. *United States v. Alfonzo-Reyes,* 592 F.3d 280, 294 (1st Cir. 2010).

By filing the Joint Motion to Determine Counsel, counsel fulfilled their ethical obligations and put the Court on notice of the potential conflicts of interest. Counsel takes no position as to whether the perceived conflicts are waiveable; that decision is solely in the Court's province. Of course, counsel will abide by whatever decision the Court makes.

Dated:  March 6, 2019        /s/Richard E. Zambon P31927
Attorney for Defendant Mohamud Muse
Richard E. Zambon, PLLC
202 Waters Bldg.
161 Ottawa Ave., NW
Grand Rapids, MI 49503
(616) 456-7831
rick@zambonlaw.com