UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:19-cr-00025 |
| Plaintiff, | Honorable Gordon J. Quist |
| v. | RESPONSE TO SUPPLEMENTAL AUTHORITY PRESENTED BY GOVERNMENT |
| MOHAMED SALAT HAJI and MOHAMUD ABDIKADIR MUSE, | |
| Defendants. | |

---

Mohamed Salat Haji, through his attorney Mary Chartier of Chartier & Nyamfukudza, P.L.C., and Mohamud Abdikadir Muse, through his attorney James K. Champion, file this brief in response to this Court's order to address supplemental authority submitted by the government.

In *United States v. Asgari*, Nos. 19-3648/3657, 2019 WL 4894345, at *1 (6th Cir. October 4, 2019), the district court initially denied the disclosure of classified information because it held that the classified materials were not relevant to the charges. The court then revisited and reversed its decision because the defense lawyer had a high security clearance. *Id.* As the United States Court of Appeals for the Sixth Circuit stated:

> [A]t Asgari's urging, the district court reconsidered its decision in light of defense counsel's superior understanding of Asgari's defense strategy and counsel's purported security clearance. We have no problem with the first point—that defense counsel in general, and this counsel in particular, knows more about how to defend his client than the district court would. But the existence of a security clearance by itself does not

change the equation or offer a legitimate basis for changing course, and above all it does not alter the directive of the Act that the district court make these decisions on an ex parte basis. [*Id.* at *3.]¹

As the United States Court of Appeals for the Sixth Circuit stated, "When the government possesses classified information that it wishes to withhold from a defendant, it may do so upon a 'sufficient showing' to the district court." *Id.*, quoting 18 U.S.C. App. 3 § 4. The critical first step is that the government identify that it is withholding material from the defense because it is "classified." "'Classified information', as used in [the Classified Information Procedures] Act, means any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security . . . ." 18 U.S.C. App. § 1(a).

Once the government has identified the classified information it seeks to withhold, "a court should balance the government's interests in keeping the information secret against the defendant's interest in information that is 'relevant and helpful' to his defense." *Asgari*, Nos. 19-3648/3657 at *3. A court must act in the interest of the defendants. *Id.* To do this, a court must consider three factors – 1. whether the classified information being withheld is relevant; 2. whether the government's claim for secrecy is colorable; and 3. whether the information is helpful to the defense. *Id.* In order for this Court to make the necessary assessment, defense

---

¹ While Mr. Haji and Mr. Muse recognize the ex parte language of the statute, this recognition does not waive their right to challenge the constitutionality of the statute at a later time.

counsel respectfully requests the opportunity to provide the contours of their defense to this Court before any decision about withholding classified information is made.

                                             Respectfully submitted,

                                             CHARTIER & NYAMFUKUDZA, P.L.C.

| | |
|---|---|
| 10/17/19 | /s/MARY CHARTIER |
| Date | Mary Chartier |

                                             LAW OFFICES OF JAMES K. CHAMPION, P.L.L.C.

| | |
|---|---|
| 10/17/19 | /s/JAMES K. CHAMPION |
| Date | James K. Champion |

## Certification of Delivery

I hereby certify that on October 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/MARY CHARTIER
Mary Chartier
Chartier & Nyamfukudza, P.L.C.
2295 Sower Boulevard
Okemos, MI 48864
Phone: 517.885.3305
Fax: 517.885.3363
mary@cndefenders.com