UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                     Case No. 1:19-CR-25

v.

                                   HON. GORDON J. QUIST

MUSE A. MUSE, MOHAMED S. HAJI
and MOHAMUD A. MUSE,

     Defendants.

_____/

## ORDER DENYING MOTION TO UNREDACT DISCOVERY

Defendants Mohamed Haji and Mohamud Muse move the Court to order the government to provide unredacted discovery.  (ECF No. 73.)  For the reasons that follow, the Court will deny Defendants' motion.

Defendants Haji and Mohamud Muse object to the fact that the "government has provided a number of reports with significant redactions."  (*Id*. at PageID.457-58.)  To illustrate their point, Defendants reference one FBI report that:

> redacts the name of the person who prepared the report, the person who approved the report, and other information including content in both the Synopsis and Details sections.  There are also redactions in the apparent timeline of events.  Notably, the redactions in this report and others do not allow counsel to see the name of the government employees who repeatedly communicated with Mr. Haji and Mr. Muse and other information related to the investigation and communications.

(*Id*. at PageID.458.)  Defendants state that the conduct of government agents and employees will be at issue if they pursue an entrapment defense, or otherwise challenge the conduct of the government's actions during the investigation as a due process violation, and argue that the redacted information is necessary for their defense.  (*Id*. at PageID.459.)

The Court agrees that the *conduct* of the government agents and employees will be at issue in this matter, but it does not follow that the *identity* of the government agents will be at issue. From what the Court can glean from Defendants' motion, Defendants Haji and Mohamud Muse are primarily seeking the names of the federal law enforcement agents who repeatedly communicated with the Defendants. The Court will not order that information redacted. Federal agencies are entitled to redact:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual

5 U.S.C. § 552(b)(7); *see also Wolfel v. United States*, 711 F.2d 66, 66–67 (6th Cir. 1983) (find that the § 552(b)(7) privilege applied to prevent disclosure of information identifying FBI agents and other law enforcement officers).

"Without a showing of substantial public interest for disclosure, the exemption is proper." *Matter of Wade*, 969 F.2d 241, 246 (7th Cir. 1992). Defendants have offered no substantial public interest in the *identity* of the agents to outweigh the privacy concerns. To assert a defense of entrapment or challenge the government's actions as a due process violation, Defendants need to understand only the actions that the government agents took. None of the redactions that Defendants identified in the one illustrative FBI report affect the understanding of the

2

government's actions.  "Hence, unless the redactions hamper unnecessarily the understanding of the document, which they do not, the exemption will be upheld." *Id*.

THEREFORE,

**IT IS HEREBY ORDERED** that Defendants Haji and Mohamud Muse's Motion to Unredact Discovery (ECF No. 73) is **denied.**

Dated: December 11, 2019
           /s/ Gordon J. Quist
           GORDON J. QUIST
        UNITED STATES DISTRICT JUDGE